IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MSC CRUISES (USA), INC. | ) Case No. |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| INTEGRATED MERCHANT | ) |
| ALLIANCE, INC. and | ) |
| RICHARD SEMAAN, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

Plaintiff, MSC CRUISES (USA), INC. (hereinafter "MSC"), sues INTEGRATED MERCHANT ALLIANCE, INC. and RICHARD SEMAAN (collectively "Defendants") and alleges:

**PARTIES**

1. Plaintiff MSC is a Florida corporation with its principal place of business in Broward County, Florida. MSC is in the business of selling cruises in the North American market for passage onboard cruise ships.

2. Defendant INTEGRATED MERCHANT ALLIANCE, INC. (hereinafter "IMA") is a Nebraska corporation with its principal place of business in Omaha, Nebraska that does business throughout the country. IMA represents itself as a specialist company in consulting with businesses to find the most economical and efficient financial services including credit card processing. According to IMA's website, *"IMA's mission is to cultivate a dynamic working environment that translates into providing our customers … the highest standard of service during each interaction. Our commitment is consistent, simple, and unmatched in that*

*we will always work hard, honestly and ethically with our clients and partners so they are able to grow their respective businesses."*

3. RICHARD SEMAAN is a resident of Nebraska and at all material times herein was the principal of IMA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Defendants, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in Omaha, Nebraska or had an office or agency in Nebraska;

   b. Were engaged in substantial activity within Nebraska; and

   c. The acts of the Defendants set out in this Complaint occurred in whole or in substantial part in Nebraska.

6. Venue in this Court is proper and the Defendants are subject to the jurisdiction of the Courts of this State.

## BACKGROUND

7. At all times material hereto, Defendants represented themselves as a broker with extensive knowledge of credit card processing and the ability to save their clients money by ensuring their customers received the best possible rates and most favorable terms possible for credit card processing.

8. On or about July 20, 2009, Defendants enticed Plaintiff MSC to enter into a contract for the processing of credit cards with a credit card processing company known as Jetpay ("Jetpay") and a merchant bank known as Merrick Bank ("Merrick"), both of whom IMA introduced to Plaintiff, by representing that it could negotiate with Jetpay and Merrick to obtain the most favorable credit card processing terms possible for MSC. To this end, Defendants presented MSC with agreements (collectively "MERCHANT AGREEMENT") which it represented to MSC had been negotiated on MSC's behalf to provide for the most favorable rates and terms possible. Based on these representations of Defendants, MSC entered into the MERCHANT AGREEMENT. (The Merchant Agreement is not attached hereto as it contains a confidentiality provision.)

9. Unbeknownst to Plaintiff, Defendants were not attempting to obtain the best possible rates and terms for MSC, but rather they were negotiating with Jetpay and Merrick to gouge MSC with unfavorable terms and hidden fees, including an undisclosed "Acquirer Support Fee" ("ASF FEE") so that Jetpay and/or Merrick would earn sufficient revenue from MSC to pay substantial secret fees to Defendants.

10. Although Defendants represented to MSC that the ASF FEE was imposed by Jetpay and Merrick, in reality this was a fee conjured by Defendants for the sole purpose of extracting additional fees from MSC which were not part of the contractual MERCHANT AGREEMENT and which secret fees were used in whole or in part to pay a secret commission to Defendant

IMA.

11. At the time MSC was enticed to enter into the MERCHANT AGREEMENT, Defendants knew or should have known that an ASF FEE, which was not disclosed to MSC and which was not mentioned in the MERCHANT AGREEMENT, would be charged to Plaintiff.

12. MSC executed the MERCHANT AGREEMENT, and Defendants unilaterally and without authorization retained or received fees from MSC's portion of revenue from credit card transactions without MSC's consent or knowledge.

13. The fees deducted from MSC's portion of revenue from credit card transactions were not contemplated by the MERCHANT AGREEMENT and/or were fees for services not actually provided to MSC.

14. Despite never having agreed to pay any ASF FEE and despite being told in October 2010 that such fee would not be charged between July of 2009 and present, Defendants improperly charged MSC an ASF FEE in an amount of approximately $402,406.80.

15. Despite using reasonable diligence, Plaintiff did not discover that it was being charged these improper fees until 2013.

16. In early 2014, litigation ensued in Florida between MSC, Jetpay and Merrick. Although IMA was added as a defendant to that case, IMA ultimately claimed insufficient contacts with Florida and was dismissed without prejudice for lack of personal jurisdiction. Nonetheless, during the course of discovery in that litigation, Plaintiff learned the truth about the deceit

and duplicity of Defendants IMA and RICHARD SEMAAN when a February 7, 2012 email from Defendants was produced.  In that email, authored by Defendant RICHARD SEMAAN of IMA and addressed to Jetpay, Defendants admitted to concocting a scheme to "gouge" MSC with secret hidden fees. Specifically, the email pleaded for Jetpay to try to continue its relationship with MSC because MSC was being charged a ***"huge 'phantom' fee monthly that no one knows what it's for."*** The email concluded, ***"We REALLY do not want [to] lose these guys since we're all gouging the hell out of them!!"*** *See* Email from Richard E. Semaan, attached hereto as "EXHIBIT A." Therefore, instead of "*always work[ing] hard, honestly and ethically with [its] clients ... so they are able to grow their respective businesses,*" IMA and its principal RICHARD SEMAAN instead concocted a secret scheme to have MSC charged a *"huge 'phantom' fee monthly that no one knows what it's for"* so that IMA and its business partners could *"goug[e] the hell out of"* their client MSC.

    17.   In addition, early in the contractual relationship between Plaintiff and Merrick, Plaintiff noted that it was being assessed a fee for chargeback insurance.  Plaintiff complained to IMA about the fee, but IMA reassured Plaintiff that it did not need to worry about the fee because it was included within the contractual fee rate it had agreed to pay in the MERCHANT AGREEMENT.  This statement was false.  Further, IMA knew or should have known, but did not disclose to Plaintiff, that there actually was no chargeback insurance for the benefit of Plaintiff.  Instead, the only chargeback insurance that had been procured protected Merrick and/or Jetpay and offered no

5

protection to Plaintiff.

## COUNT I
## FRAUD IN THE INDUCEMENT
(Against All Parties)

18. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

19. IMA and RICHARD SEMAAN brokered and presented to MSC a deal through which MSC would be able to process credit card payments made by MSC customers.

20. IMA and RICHARD SEMAAN represented to MSC that the deal presented contained more favorable terms than if IMA and RICHARD SEMAAN were not involved and represented that this was the best possible deal for MSC.

21. The represented deal that IMA and RICHARD SEMAAN presented was incomplete, as it failed to disclose additional hidden fees which Defendants had concocted for the sole purpose of gouging MSC and for which MSC would later be held liable.  Specifically, IMA and RICHARD SEMAAN concocted a scheme to have Jetpay and Merrick assess secret fees including an ASF FEE, which fee was actually a creation of Defendants and which was created to provide a hidden revenue stream to fund kickbacks and payments to Defendants.

22. At the time MSC was enticed by Defendants to enter into the MERCHANT AGREEMENT, Defendants IMA and RICHARD SEMAAN knew that the MERCHANT AGREEMENT presented to MSC was silent as to fees,

6

including but not limited to the ASF FEE, but that MSC would be charged these fees.

23. IMA and RICHARD SEMAAN knew, or should have known, that MSC would reasonably rely upon IMA's and RICHARD SEMAAN's representations.

24. MSC relied upon the representations made by IMA and RICHARD SEMAAN regarding the brokered deal to its detriment.

25. MSC suffered damages as a result of IMA's and RICHARD SEMAAN's action, including but not limited to monetary loss due to the additional and hidden fees such as the ASF FEE.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## UNJUST ENRICHMENT
(Against All Parties)

26. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

27. Fees not contemplated by the MERCHANT AGREEMENT were charged to and unilaterally deducted from MSC's account for the ultimate benefit of Defendants.

28. Fees for services not actually provided were charged to and unilaterally deducted from MSC's account for the ultimate benefit of Defendants.

29. IMA and RICHARD SEMAAN received and retained the entirety or a portion of these unauthorized fees, as well as other undisclosed sums.

30. IMA and RICHARD SEMAAN in justice and fairness ought to repay the fees paid by MSC which were not specified in the MERCHANT AGREEMENT and which Plaintiff did not authorize them to receive.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III
### GENERAL FRAUD
(Against All Parties)

31. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

32. IMA and RICHARD SEMAAN, either individually or in concert with their agent Jetpay, intentionally or negligently designed their billing structure to be confusing and utilized fee names and abbreviations intended to ensure customers such as MSC would not or could not detect improper and unauthorized excess charges that were levied against their credit card revenues.

33. On or about February 7, 2012, RICHARD SEMAAN sent an email in which he admits to an ongoing scheme to overcharge MSC. *See* Email from Richard E. Semaan, attached hereto as "EXHIBIT A."

34. IMA and RICHARD SEMAAN knowingly and intentionally concealed the fact that they were charging Plaintiff secret hidden fees not authorized by the MERCHANT AGREEMENT and that they were using intentionally confusing

bills and account statements and/or confusing and vague language in the MERCHANT AGREEMENT.

35. Further, the October 2010 statement provided to Plaintiff included a notification for those clients who had agreed to pay an ASF FEE, the ASF FEE would be no longer charged, and such notification further induced Plaintiff to not check statements for this fee.

36. By stating that the fees that previously encompassed the ASF FEE sum would be listed separately and not defining what the ASF FEE would from that point on encompass, IMA intended to and did further mislead Plaintiff.

37. Plaintiff relied on these representations to its detriment causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT IV
## FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT VIOLATION
(Against All Parties)

38. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

39. IMA and RICHARD SEMAAN participated in a scheme to charge Plaintiff fees in excess of those authorized and agreed to under the MERCHANT AGREEMENT.

40. The statements and actions of IMA and RICHARD SEMAAN in furtherance of the scheme to charge Plaintiff fees in excess of those authorized

9

and agreed to under the MERCHANT AGREEMENT constitute an unfair business practice.

41. The unfair and deceptive actions of IMA and RICHARD SEMAAN caused Plaintiff to suffer substantial economic damages, including the collection of the unauthorized ASF FEE.

42. Plaintiff was damaged by the unfair and deceptive actions of IMA and RICHARD SEMAAN because IMA and RICHARD SEMAAN unilaterally and without authorization deducted ASF FEES from Plaintiff's portion of revenue from credit card transactions without Plaintiff's consent.

43. Because of the actions of IMA and RICHARD SEMAAN, Plaintiff has been required to hire and retain legal counsel to seek reimbursement for the unauthorized ASF FEES that IMA and RICHARD SEMAAN retained. Plaintiff has incurred and will continue to incur legal fees for the aforementioned claim and is entitled to reimbursement of said reasonable legal fees from IMA and RICHARD SEMAAN under Florida's Deceptive & Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* and under similar acts of other states where Defendant's conduct occurred.

WHEREFORE, Plaintiff demands all damages entitled by law, its reasonable attorneys' fees, and demands jury trial of all issues so triable.

**COUNT V
NEBRASKA UNIFORM DECEPTIVE TRADE
PRACTICES ACT VIOLATION**
(Against All Parties)

44. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

45. IMA and RICHARD SEMAAN engaged in deceptive trade practices and unfair and deceptive acts, pursuant to Neb. Rev. Stat. § 87-302 by:

    a. Obtaining money by knowingly false or fraudulent pretenses, representations, or promises; and

    b. Causing MSC to be sent an unsolicited billing statement, invoice or other document that appeared to obligate MSC to make payment for services MSC did not order or authorize, including the ASF FEE and other undisclosed fees.

46. IMA and RICHARD SEMAAN have willfully engaged in the deceptive trade practices, knowing them to be deceptive.

47. IMA and RICHARD SEMAAN participated in a scheme to charge Plaintiff fees in excess of those authorized and agreed to under the MERCHANT AGREEMENT.

48. The statements and actions of IMA and RICHARD SEMAAN in furtherance of the scheme to charge Plaintiff fees in excess of those authorized and agreed to under the MERCHANT AGREEMENT constitute an unfair and deceptive trade practice.

49. The unfair and deceptive actions of IMA and RICHARD SEMAAN caused Plaintiff to suffer substantial economic damages, including the collection of unauthorized ASF FEES.

50. Plaintiff was damaged by the unfair and deceptive actions of IMA and RICHARD SEMAAN because IMA and RICHARD SEMAAN unilaterally and

without authorization deducted ASF FEES from Plaintiff's portion of revenue from credit card transactions without Plaintiff's consent.

51. Because of the actions of IMA and RICHARD SEMAAN, Plaintiff has been required to hire and retain legal counsel to seek reimbursement for the unauthorized ASF FEES that IMA and RICHARD SEMAAN retained without authorization. Plaintiff has incurred and will continue to incur legal fees for the aforementioned claim and is entitled to reimbursement of said reasonable legal fees from IMA and RICHARD SEMAAN under Nebraska's Uniform Deceptive Trade Practices Act or under similar acts of other states where Defendants' conduct occurred.

52. As a direct and proximate result of IMA's and RICHARD SEMAAN's activities, MSC has suffered monetary loss.

WHEREFORE, Plaintiff demands all damages entitled by law including its reasonable attorneys' fees, and demands jury trial of all issues so triable.

### COUNT VI
### NEGLIGENCE
(Against All Parties)

53. Plaintiff realleges, incorporates by reference, and adopts paragraphs 1 through 17 as though originally alleged herein.

54. By virtue of their financial relationship with MSC, and for the reasons set forth herein, IMA and RICHARD SEMAAN owed MSC a duty of care.

55. For the reasons set forth herein, IMA and RICHARD SEMAAN breached their duties of care to MSC.

56. IMA and RICHARD SEMAAN negligently arranged to charge Plaintiff fees in excess of those authorized and agreed to under the MERCHANT AGREEMENT and negligently misrepresented to Plaintiff that the chargeback insurance premiums were already included within the fee rate for credit card processing that MSC had agreed to pay in the MERCHANT AGREEMENT.

57. The actions of IMA and RICHARD SEMAAN caused Plaintiff to suffer substantial economic damages, including the collection of unauthorized ASF FEES.

58. IMA and RICHARD SEMAAN are liable to MSC for breaching their duties to MSC.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MSC prays for:

A. A judgment in its favor and against each of the Defendants on each claim;

B. Reimbursement of all ASF FEES charged;

C. Reimbursement of all fees charged in excess of fees specifically accepted and agreed to by Plaintiff in the MERCHANT AGREEMENT, including fees for chargeback insurance;

D. Reimbursement of the difference between the fees Plaintiff paid through the arrangement brokered by IMA and RICHARD SEMAAN and the

fees MSC would have been liable for if IMA had not participated in the scheme to defraud MSC;

E.  Disgorgement of all undisclosed payments received by Defendants related to their business with Plaintiff;

F.  Plaintiff's costs of suit herein;

G.  Plaintiff's legal fees, including reasonable attorneys' fees, as authorized by Florida's Deceptive & Unfair Trade Practices Act, Nebraska's Uniform Deceptive Trade Practices Act, and/or other similar acts of other states where Defendants' conduct occurred; and

H.  Interest on all sums awarded at the statutory rate.

## JURY DEMAND and PLACE OF TRIAL

MSC hereby demands a jury trial on all issues triable to a jury and further requests that the trial take place in Omaha, Nebraska.

Dated this 4th day of March, 2015.

    MSC CRUISES (USA) INC., Plaintiff

By: s/Mary Ann Novak
    Mary Ann Novak - #24851
    CLINE, WILLIAMS, WRIGHT,
    JOHNSON & OLDFATHER, L.L.P.
    1900 U.S. Bank Building
    233 South 13th Street
    Lincoln, NE 68508
    Telephone: (402) 474-6900
    Fax: (402) 474-5393
    mnovak@clinewilliams.com
    *Attorney for Plaintiff*

4846-6855-9138, v.  1